IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES PATRICK GRIFFIN,

Petitioner, No. 2: 10-cv-0354 GEB KJN P

vs.

RANDY GROUNDS,

Respondent. FINDINGS AND RECOMMENDATIONS

_________________________________/

Petitioner is a state prisoner proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the second amended petition filed May 21, 2010. Petitioner challenges his 1982 conviction for first degree murder. The petition raises one claim: petitioner's plea was involuntary due to mental incompetence.

Pending before the court is respondent's June 22, 2010 motion to dismiss on grounds that this action is barred by the statute of limitations. After carefully considering the record, the undersigned recommends that respondent's motion be granted.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On February 10, 1982, petitioner plead guilty to first degree murder. He did not file an appeal. The instant action, filed February 10, 2010, is not timely. See 28 U.S.C. § 2244(d)(1)(A).

In the opposition, petitioner suggests that the statute of limitations runs from a later date pursuant to § 2244(d)(1)(D). Petitioner argues that he had no knowledge of his mental incompetence at the time he plead guilty until he was seen and diagnosed by Dr. Terrell on November 17, 2006. (See Dkt. No. 11, at 201-232.) Dr. Terrell found that petitioner was mentally incompetent to enter a plea bargain and to stand trial. (Id.) Petitioner appears to argue that, pursuant to § 2244(d)(1)(D), the statute of limitations runs from the date Dr. Terrell concluded that he was not competent to plead guilty.

Generally, it is not knowledge of some facts pertinent to a claim that constitutes discovery of a factual predicate within the meaning of § 2244(d)(1)(D); rather, it is knowledge of facts constituting reasonable grounds for asserting all elements of a claim in good faith. Hasan v. Galaza, 254 F.3d 1150, 1154-55 (9th Cir. 2001). The time begins to run when the petitioner knows, or through diligence could discover, the important facts, and not when the petitioner recognizes their legal significance. It is not necessary for a petitioner to understand the legal significance of the facts themselves before the obligation to exercise due diligence commences

and the statutory period starts running. Id., at 1154 n.3.

As noted by respondent in the reply to petitioner's opposition, the facts regarding petitioner's alleged incompetence have been known for some time. The order by the Solano County Superior Court denying petitioner's state habeas petition summarizes the discovery of these facts:

> In 1993, petitioner retained an attorney to investigate whether a writ of habeas corpus was viable. This attorney applied for and received Court authority to review sealed portions of the court file. In his declaration for this review, the attorney indicated that he was investigating whether petitioner's plea was knowing and voluntary. According to petitioner's filing, the attorney recommended that a petition for writ of habeas corpus be filed arguing petitioner was not competent to enter a plea in 1981. Petitioner did not file a petition at that time.

(Dkt. No. 16-1, at 1-2.)

In a declaration dated March 10, 2008, petitioner states that in 1993 an attorney advised him to file a habeas petition alleging that he was incompetent to plead guilty. (Dkt. No. 11, at 54-55.) Petitioner did not file the habeas petition because he could not afford to hire a lawyer. (Id.) Clearly, petitioner was aware of the facts supporting the claim raised in the instant petition in 1993. Even assuming the statute of limitations began to run in 1993 pursuant to 28 U.S.C. § 2244(d)(1)(D), the instant action is still not timely.

The instant action is barred by the statute of limitations unless petitioner is entitled to statutory or equitable tolling.

The period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitioner filed his first state habeas petition on September 13, 2007. (Respondent's Exhibit 1.) Petitioner is not entitled to statutory tolling because he did not file his state habeas petitions within the limitation period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). A

litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. Tillema v. Long, 253 F.3d 494, 504 (9th Cir. 2001). Mental incompetence can support equitable tolling if the incompetence in fact caused him to fail to meet the filing deadline. Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003). Petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

To succeed on a claim for equitable tolling, petitioner would have to demonstrate that his mental illness prevented him from filing a habeas corpus petition for approximately 23 years. While petitioner is mentally ill, the record does not demonstrate that his mental illness prevented him from filing a timely habeas petition for that period of time. As stated above, in a declaration dated March 10, 2008, petitioner states that he did not follow his attorney's advice in 1993 to file a habeas corpus petition because he could not afford to hire a lawyer:

> I have been advised that the Solano County Superior Court, Case no. FCR247303, denied my original petition for habeas corpus on November 29, 2007.
>
> The reason my petition was denied was because I had prior knowledge of the issue in 1993, when an attorney had researched my case and had advised me that I should file a petition for habeas corpus based on the fact that I was not competent at the time to enter an plea. No petition was filed at that time because I did not have sufficient funds to hire the attorney.

(Dkt. No. 11, at 54-55.)

In this declaration, petitioner also alleges that he did not understand legal proceedings. These reasons for failing to pursue post-collateral remedies do not constitute grounds for equitable tolling. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling[ ]").

For all of the above reasons, the undersigned recommends that respondent's motion to dismiss be granted. If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (Dkt. No. 16) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 20, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

grif354.mtd