IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES PATRICK GRIFFIN,

    Petitioner,                    No. 2: 10-cv-0354 GEB KJN P

    vs.

RANDY GROUNDS,                    <u>AMENDED</u>
                                                <u>FINDINGS AND RECOMMENDATIONS</u>

    Respondent.
_____/

        Petitioner is a state prisoner proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the second amended petition filed May 21, 2010. Petitioner challenges his 1982 conviction for first degree murder. The petition raises one claim: petitioner's plea was involuntary due to mental incompetence.

        Pending before the court is respondent's June 22, 2010 motion to dismiss on grounds that this action is barred by the statute of limitations. On October 20, 2010, the undersigned recommended that this motion be granted. On November 10, 2010, petitioner filed objections suggesting that the undersigned's reading of the record was incorrect. In an abundance of caution, the undersigned has reviewed the record again and will address those parts of the record petitioner contends were not adequately considered.

////

After carefully considering the record, the undersigned again recommends that respondent's motion be granted.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On February 10, 1982, petitioner plead guilty to first degree murder. He did not file an appeal. The instant action, filed February 10, 2010, is not timely. See 28 U.S.C. § 2244(d)(1)(A).

In the opposition, petitioner suggests that the statute of limitations runs from a later date pursuant to § 2244(d)(1)(D). Petitioner argues that he had no knowledge of his mental incompetence at the time he plead guilty until he was seen and diagnosed by Dr. Terrell on November 17, 2006. (See Dkt. No. 11, at 201-232.) Dr. Terrell found that petitioner was mentally incompetent to enter a plea bargain and to stand trial. (Id.) Petitioner appears to argue that, pursuant to § 2244(d)(1)(D), the statute of limitations runs from the date Dr. Terrell concluded that petitioner was not competent to plead guilty.

////

Generally, it is not knowledge of some facts pertinent to a claim that constitutes discovery of a factual predicate within the meaning of § 2244(d)(1)(D); rather, it is knowledge of facts constituting reasonable grounds for asserting all elements of a claim in good faith. Hasan v. Galaza, 254 F.3d 1150, 1154-55 (9th Cir. 2001). The time begins to run when the petitioner knows, or through diligence could discover, the important facts, and not when the petitioner recognizes their legal significance. It is not necessary for a petitioner to understand the legal significance of the facts themselves before the obligation to exercise due diligence commences and the statutory period starts running. Id., at 1154 n.3.

As noted by respondent in the reply to petitioner's opposition, the facts regarding petitioner's alleged incompetence have been known for some time. The order by the Solano County Superior Court denying petitioner's state habeas petition summarizes the discovery of these facts:

> In 1993, petitioner retained an attorney to investigate whether a writ of habeas corpus was viable. This attorney applied for and received Court authority to review sealed portions of the court file. In his declaration for this review, the attorney indicated that he was investigating whether petitioner's plea was knowing and voluntary. According to petitioner's filing, the attorney recommended that a petition for writ of habeas corpus be filed arguing petitioner was not competent to enter a plea in 1981. Petitioner did not file a petition at that time.

(Dkt. No. 16-1, at 1-2.)

Petitioner's lawyer in 1993 recommended that he file a habeas petition arguing that he was not competent in 1981. For that reason, the undersigned finds that the facts in support of the claim raised in the instant petition were known in 1993. Even assuming the statute of limitations began to run in 1993 pursuant to 28 U.S.C. § 2244(d)(1)(D), the instant action is still not timely.

The instant action is barred by the statute of limitations unless petitioner is entitled to statutory or equitable tolling.

The period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitioner filed

1 his first state habeas petition on September 13, 2007. (Respondent's Exhibit 1.) Petitioner is not
2 entitled to statutory tolling because he did not file his state habeas petitions within the limitation
3 period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d
4 478, 482 (9th Cir. 2001).

5       Equitable tolling is available to toll the one-year statute of limitations available to
6 28 U.S.C. § 2254 habeas corpus cases. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). A
7 litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights
8 diligently; and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo,
9 544 U.S. 408, 418 (2005). A petitioner who fails to file a timely petition due to his own lack of
10 diligence is not entitled to equitable tolling. Tillema v. Long, 253 F.3d 494, 504 (9th Cir. 2001).
11 Mental incompetence can support equitable tolling if the incompetence in fact caused him to fail
12 to meet the filing deadline. Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003). Petitioner
13 bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda v.
14 Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

15       To succeed on a claim for equitable tolling, petitioner would have to demonstrate
16 that his mental illness prevented him from filing a federal habeas corpus petition for
17 approximately 28 years, from 1982 to 2010. While petitioner is mentally ill, the record does not
18 demonstrate that his mental illness prevented him from filing a timely habeas petition for that
19 period of time. As stated above, in a declaration dated March 10, 2008, petitioner states that he
20 did not follow his attorney's advice in 1993 to file a habeas corpus petition because he could not
21 afford to hire a lawyer:

> I have been advised that the Solano County Superior Court, Case no. FCR247303, denied my original petition for habeas corpus on November 29, 2007.
>
> The reason my petition was denied was because I had prior knowledge of the issue in 1993, when an attorney had researched my case and had advised me that I should file a petition for habeas corpus based on the fact that I was not competent at the time to enter an plea. No petition was filed at that time because I did not

4

| | |
|---|---|
| 1 | have sufficient funds to hire the attorney. |
| 2 | The fact is, I never had sufficient funds to hire an attorney at any time.  In 1993, Pastor Herb Sokol, a volunteer lay Chaplain and pastor, on his own initiative, hired attorney Charles Bonneau to research the issue.  It is alleged that I signed release authorizations at the time, but I don't recall doing so. |
| 5 | Very little of what Pastor Sokol or Mr. Bonneau did was known to me at the time.  In the end, I received a letter from Mr. Bonneau in August of 1993, advising me that I had an issue for habeas corpus but that it would cost me $4000 for the petition and $2000 to hire a psychiatrist. |
| 8 | This was out of the reach of Pastor Sokol and he didn't pursue the matter any further.  I had nothing to do with the matter from the beginning to the end.  I never knew what Pastor Sokol or Mr. Bonneau did on my behalf and I wasn't even told at [what] point it petered out. |
| 11 | I wasn't told I had any other remedy.  I know very little about how all of these things work.  No one advised me that I had a right to an attorney for a petition for writ of habeas corpus and the state would provide me one.  If I had been so advised, I surely would have pursued this avenue.  As it was, I had to wait until other friends could come up with the money. |
| 15 | I ask not to be penalized for the good intentions of others gone wrong.  Please accept my petition on the merits, which speak for themselves. |

(Dkt. No. 11, at 54-55.)

Petitioner's inability to afford a lawyer does not justify equitable tolling.  In this declaration, petitioner also alleges that he did not file a habeas petition in 1993 because he did not understand the legal proceedings.  Petitioner's ignorance of the law is also not grounds for equitable tolling.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling[ ]").

In his objections to the original findings and recommendations, petitioner argues that his statement in the March 10, 2008 declaration that he never knew what Pastor Sokol or Mr. Bonneau did on his behalf demonstrated that he was still mentally incompetent in 1993.

5

However, petitioner's March 10, 2008 declaration does not state that his mental illness prevented him from filing a state habeas petition. Petitioner's statement that he "knew very little about how all of these things work" indicates that his ignorance of the law, rather than mental illness, prevented him from filing a state habeas petition.

In his objections to the original findings and recommendations, petitioner argues that even if he had the money to hire an attorney, he most likely would not have done so because in 1993 he was still under the delusion that the court was run by Satan, i.e. he was still mentally incompetent. In support of this argument, petitioner cites page 1-4 of his June 21, 2007 declaration submitted in support of the petition filed in the Solano County Superior Court. It appears that petitioner is referring to the following portion of his declaration:

> Just before I entered my plea, in June of 1981, I had experienced a religious conversion and was extremely paranoid that everyone in the system was working for Satan trying to tempt me from doing what I believed to be the right thing, that is, admitting I was guilty of killing another human being. In my mind, I had committed murder and felt so guilty I felt like dying. All of the legal differences between first degree, second degree, and manslaughter were, in my mind, lies invented by men to oppose the law of God. It seemed to me that if I were to plea to a lesser offense, it would be saying that I had not really meant to kill someone.
>
> My mind was totally closed on this matter. In fact, I was fearful that if I gave in to the temptations of man, God would punish me and then I would be worse off than before my conversion.
>
> After the case was taken to the Court of Appeal, the court finally accepted my plea and I was convicted and sentenced on February 10, 1982. My attorney tried to get permission to writ the Court of Appeal on another issue that had not been presented to that court before, namely, my competence to intelligently, knowingly, and voluntarily waive my rights under the Federal and State Constitutions.
>
> My long history of mental illness and the fact that I had killed inmate Dunn while at Vacaville, were enough evidence for my attorney to question my irrational decision, but the court denied my attorney's request, noting that I had the right to appeal and could take the issue up with that remedy.
>
> Of course, under my warped paranoid view, this was just one last avenue for Satan to tempt me. I never appealed the issue and have

1      spent over 25 years serving my sentence.
2 (Dkt. No. 11, at 44-45.)
3      Petitioner goes on to state in this declaration, "However, over the years, after
4 receiving some excellent counseling at Vacaville, I came to understand that I really had no idea
5 of what was really going on in the court system at the time I pled guilty.  This is really frustrating
6 to me now." (Id., at 45.)
7      Petitioner's declaration filed in Superior Court does not demonstrate that he was
8 incompetent in 1993.  His statements regarding Satan concerned his failure to seek relief
9 immediately following his 1982 conviction, and not eleven years later in 1993.  Petitioner admits
10 in this declaration that at some point, through counseling, he came to understand the legal
11 proceedings that led to his conviction, although he does not state when this occurred.  For these
12 reasons, the undersigned does not find that petitioner's declaration submitted in support of the
13 petition filed in Superior Court demonstrate that his mental illness prevented him from filing a
14 state habeas petition in 1993.
15      Petitioner's declarations discussed above do not demonstrate that his mental
16 illness prevented him from filing a timely habeas petition from 1982 to 2010.
17      The undersigned has also reviewed the December 4, 2006 report prepared by Dr.
18 Terrell. (Dkt. 11, at 201-33.)  Dr. Terrell concluded that an argument could be made that
19 petitioner was not competent to enter a guilty plea in June 1981.  (Id., at 206.)  While it is clear
20 from Dr. Terrell's report that petitioner suffers from mental illness, which Dr. Terrell diagnosed
21 as bipolar disorder, Dr. Terrell offers no opinion regarding petitioner's competence or mental
22 health status as it related to his ability to pursue habeas relief following his conviction.   Dr.
23 Terrell's report did not address petitioner's entire mental health history following his conviction,
24 but focused primarily on his mental health at the time of his conviction.
25      While it appears from Dr. Terrell's report that petitioner suffered from episodes of
26 mania and psychotic thinking following his conviction, he also experienced episodes where his

mental illness was in remission. Based on this report, the undersigned does not find that petitioner has demonstrated that his mental illness prevented him from filing a timely petition for approximately 28 years.

For all of the above reasons, the undersigned recommends that respondent's motion to dismiss be granted. If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (Dkt. No. 16) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 16, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

grif354.mtd(2)